### JAMES WEST'S CASE.[*]

A prisoner under sentence, who has been pardoned on condition that, if he is again sen-
tenced to imprisonment, he serve the remainder of his first sentence, cannot, under the
St. of 1867, *c.* 301, § 2, on breach of the condition, be imprisoned under the first sentence
after the date when it would have expired had he not been pardoned, although his second
sentence is before such date.

HABEAS CORPUS to the warden of the state prison, issued Au-
gust 5, 1873. At the hearing before *Morton,* J., the following
facts appeared :

The prisoner was sentenced, on December 15, 1865, to the
state prison for four years and a half. On November 30, 1867,
he received a pardon " on condition that if he be convicted of
any crime sentencing him to the jail, house of correction or state

---

[*] This case was argued on September 3, 1873, before GRAY, WELLS, COLT,
AMES and MORTON, JJ.

prison, he serve the remaining part of the sentence above stated."
On October 22, 1869, he was convicted of larceny committed
since the pardon, and was sentenced to the state prison for four
years. On November 9, 1869, the Governor and Council, upon
its being made to appear to them, by evidence of the second con-
viction and sentence, that he had violated the condition, ordered
him to be remanded to the state prison and to be confined therein
" for the unexpired term " of his first sentence, " under and ac-
cording to the said sentence." In accordance with the Gen. Sts.
*c.* 179, § 51, his term of imprisonment under the second sentence
was shortened by his good conduct in prison, and expired July 18,
1873 ; and he has since been held under the order of the Gov-
ernor and Council. The judge reserved the case on the above
facts for the consideration of the full court. There was a ques-
tion as to the regularity of the proceedings of the Governor and
Council not now necessary to report.

*G. W. Searle,* for the prisoner.

*C. R. Train,* Attorney General, and *W. G. Colburn,* Assistant
Attorney General, for the Commonwealth.

GRAY, J. Neither of the sentences passed by the court upon
this prisoner directed the imprisonment under it to begin after
any other sentence, or at any future time. In fact, he was not at
the time of the passing of either sentence undergoing any other
sentence ; for when the first sentence was passed, he does not ap-
pear to have been previously sentenced at all ; and at the time of
the passing of the second sentence he had been released from the
first sentence by the pardon of the executive. Each sentence
therefore took effect immediately after it was passed.

The first sentence, having been to imprisonment in the state
prison for four and a half years from December 15, 1865, would,
according to its terms, expire on June 15, 1870. The second sen-
tence of the court to like imprisonment is agreed to have expired
on July 18, 1873. After the last named date, therefore, there
was no warrant for holding the prisoner in custody, unless it is to
be found in the proceedings of the Governor and Council.

On November 30, 1867, the Governor and Council granted to
the prisoner a pardon and release from his first sentence, " on con-

dition that if he be convicted of any crime sentencing him to the jail, house of correction or state prison, he serve the remaining part of the sentence above stated." On November 9, 1869, the Governor and Council, upon its being made to appear to them, by evidence of the second conviction and sentence, that he had violated the conditions of his pardon, ordered him, in accordance with the provisions of the St. of 1867, c. 301, to be remanded to prison and confined there for the unexpired term of his first sentence, "under and according to the said sentence."

But the St. of 1867 declares that "in computing the period of his confinement," (which is as much as to say, " confinement under the same sentence,") " the time between the conditional pardon and subsequent arrest " for the purpose of taking him before the Governor and Council " shall be taken to be part of the term of sentence." The Governor and Council had therefore no authority to order him to be imprisoned after the expiration of the term of his original sentence, computed continuously from its commencement. The theory of the St. of 1867 manifestly is, that the remanding of a convict to prison by the executive under this statute, (and not by the judicial department, as under the Gen. Sts. c. 177, §§ 13–16, which were repealed by the St. of 1867,) should be nothing more than a remanding to the imprisonment from which he had been released, and for so much of the period thereof as remained unexpired.

Assuming, therefore, that all the proceedings of the Governor and Council were regular and valid, the prisoner is entitled to be

*Discharged.*