**WILBUR DEAR v. NATHAN MAYO, as State Prison Custodian**
14 So. (2nd) 267      June Term, 1943
June 15, 1943      Division A

*Wilbur Dear,* in Pro. Per.

*J. Tom Watson,* Attorney General, *Woodrow M. Melvin,* Assistant Attorney General, for respondent.

ADAMS, J.:

Petitioner seeks discharge by habeas corpus from serving the remainder of a five year sentence dated June 16, 1939. He contends that by virtue of Sec. 954.06, Fla. Stat. 1941, granting him gain time he served the sentence within three years, six months and nine days. By his petition and exihibit attached, it appears that at one time he was out on parole and had same revoked. Despite this he claims the benefit of the gained time because he acquired a vested right to it under the statute and misconduct thereafter occurring could not deprive him of it.

Parole and gained time is granted by the sovereign as a matter of grace rather than of right. The obvious purpose is to encourage the wrongdoer to mend his ways and relieve the state of added responsibility for his care. The state may offer such grace under and subject to such conditions as it may consider most conducive to accomplish the desired purpose. Our statute plainly provides that a violation of parole shall subject the parolee to "serve out the term for which he was sentenced." Sec. 947.21, Fla. Stat. 1941. A similar statute was before the Circuit Court of Appeals in Halligan, Warden v. Marcil, 208 Fed. 403, wherein that Court reached the same conclusion that we have.

It appears from the record before us that petitioner is not illegally detained and the writ is denied.

BUFORD, C. J., TERRELL and CHAPMAN, JJ., concur.