JOHN G. COMERFORD vs. COMMISSIONER OF CORRECTION.

Suffolk.   February 6, 1957. — April 18, 1957.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, &
WHITTEMORE, JJ.

*Imprisonment.   Constitutional Law*, Equal protection of laws.

St. 1955, c. 770, § 121A, limiting prisoners' good conduct credits provided
in c. 770 to time served subsequent to the effective date thereof, as
applied to a prisoner sentenced before such effective date and entitled
to a deduction for good conduct and satisfactory work of ten days for
each month of the portion of the term served prior thereto in accord-
ance with G. L. (Ter. Ed.) c. 127, § 129, as appearing in St. 1948,
c. 450, § 1, and as amended by St. 1954, c. 567, § 4, and entitled to a
deduction for good conduct only of twelve and one half days for each
month during the balance of his term served after such effective date
in accordance with § 66 of St. 1955, c. 770, revising said § 129, did not
deny him equal protection of the law in violation of the Fourteenth
Amendment to the Federal Constitution in that a prisoner sentenced
after such effective date would be entitled to the deduction for good
conduct of twelve and one half days for each month during his entire
term.   [716–717]
St. 1955, c. 770, § 66, revising G. L. (Ter. Ed.) c. 127, § 129, and sub-
stituting as of its effective date a good conduct credit to prisoners of
twelve and one half days for each month for the credits theretofore
allowed of six days for each month on account of good conduct and
four days for each month on account of satisfactory work did not il-
legally take away from a prisoner sentenced before the effective date
of St. 1955, c. 770, a vested right to the satisfactory work credit of
four days for each month during the part of his term remaining to be
served after such effective date.   [716–717]

PETITION for a writ of mandamus, filed in the Supreme
Judicial Court for the county of Suffolk on October 26, 1955.

Upon transfer to the Superior Court, the case was heard
by *Rome, J.*

*John G. Comerford,* pro se.

*Arnold H. Salisbury,* Assistant Attorney General, (*Fred
L. True, Jr.,* Assistant Attorney General, with him,) for the
respondent.

WILLIAMS, J.   This is a petition for a writ of mandamus to restrain the commissioner of correction from applying the provisions of St. 1955, c. 770, § 121A, in computing the date when the petitioner is entitled to be discharged from Massachusetts Correctional Institution, Walpole, formerly called the State prison, and to order the commissioner to issue to the petitioner a certificate of discharge.

A judge of the Superior Court made the following findings.   On April 17, 1950, the petitioner was sentenced to the State prison for a term of from five to seven years; and on May 19, 1950, was further sentenced for a term of from three to five years to be served concurrently with the previous sentence.   On August 17, 1953, he was released on parole, on June 9, 1954, the parole was revoked, and on July 19, 1954, he was returned to prison.   On October 14, 1954, he was sentenced for two terms of from five to seven years, these sentences to be served concurrently with each other and with the sentences then being served.   The aggregate of time for which the petitioner could be held was one hundred thirty-six months and the prospective date of discharge was October 13, 1961.   The petitioner is entitled to a deduction, from his maximum term, of three hundred eighty-four days for good conduct at the rate of six days for each month from April 17, 1950, to October 20, 1955; to a deduction for satisfactory work of two hundred twenty days at the rate of four days for each month during the same period; and to a deduction for good conduct of nine hundred days at the rate of twelve and one half days for each month from October 20, 1955, to October 13, 1961, when his sentences will expire.   An order was entered for judgment dismissing the petition.   The case is here on the petitioner's exceptions to the findings as to the deductions to which he is entitled, to the denial of certain requests for rulings, and to the order for judgment.

The law applicable to deductions from sentence for good conduct and for satisfactory work is found in G. L. (Ter. Ed.) c. 127, § 129.   Previous to October 20, 1955, this section as appearing in St. 1948, c. 450, § 1, and as amended

by St. 1954, c. 567, § 4, provided for deductions for good conduct of six days for each month and deductions for satisfactory work of four days for each month. It was revised by St. 1955, c. 770, § 66, effective October 20, 1955, to provide thereafter that deductions for good conduct should be credited at the rate of twelve and one half days for each month. Deductions for satisfactory work were eliminated. Section 121A of St. 1955, c. 770, to which the petition refers, provides that "Good conduct credits as provided in this act shall apply only to time served subsequent to the effective date of this act; provided, that good conduct and good work credits accumulated by any prisoner before said effective date shall, subject to the rules and regulations of the department, continue to be credited at the rate in effect prior to the passage of this act."

It is not suggested that the findings of the judge as to the number of days which should be credited to the petitioner by way of deductions are not mathematically correct. It is his contention that § 121A violates the "equal protection" clause of the Fourteenth Amendment to the United States Constitution in that it limits him to deductions totaling ten days for each month during the time he was serving his sentences prior to October 20, 1955, while a prisoner serving similar sentences imposed after that date would be entitled to the larger monthly deduction of twelve and one half days during his entire sentence. He also contends that his right to deductions of four days for each month for satisfactory work is a vested right and cannot legally be taken away during that part of his term which remains to be served. There is no merit in the petitioner's contentions. They were fully considered in a suit brought by him under the civil rights statute, U. S. C. (1952 ed.) Title 28, § 1343 (3), in the United States District Court for the District of Massachusetts wherein his bill of complaint was dismissed and the dismissal affirmed on appeal to the Court of Appeals. *Comerford* v. *Massachusetts*, 233 Fed. (2d) 294; certiorari denied, 352 U. S. 899.

The petitioner has not been deprived of his Federal con-

stitutional right to the equal protection of the laws for reasons stated in the opinion of the Court of Appeals. The elimination of future deductions for satisfactory work did not result in any increase in his sentences. Compensation for the loss of such deductions was provided by increasing the permissible monthly deductions for good conduct to twelve and one half days. His exceptions to the findings of the judge, to the denial of certain requests for rulings (which need not be recited), and to the order for judgment are overruled.

*So ordered.*