Maki v. Superintendent of Mass. Correctional Institution, Bridgewater.

ALLAN MAKI vs. SUPERINTENDENT OF MASSACHUSETTS
CORRECTIONAL INSTITUTION, BRIDGEWATER.

Suffolk.    June 28, 1965. — July 2, 1965.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER,
& SPIEGEL, JJ.

*Sex Offender.*

A commitment of one to a valid treatment center as a sexually dangerous
person under G. L. c. 123A, § 6, was not unlawful by reason of the
fact that a "branch treatment center" to which he had previously been
committed for sixty days for examination and diagnosis by two psy-
chiatrists pursuant to § 4 "was not a valid and proper treatment center"
where it appeared that the facilities and opportunities afforded the
psychiatrists at the "branch treatment center" were adequate to permit
them to make an examination, diagnosis, recommendation and report.

PETITION for a writ of habeas corpus filed in the Supreme
Judicial Court for the county of Suffolk on January 8, 1965.

The case was reserved and reported by *Whittemore, J.*

The case was submitted on briefs.

*Louis M. Nordlinger* for the petitioner.

*Richard W. Murphy,* Special Assistant Attorney General,
for the respondent.

WHITTEMORE, J.    This petition for a writ of habeas cor-
pus was reserved and reported by a single justice on the
petition, a finding, two statements of agreed facts and a
stipulation.

1.   The respondent recognizes that the dismissal of a
like petition in the Superior Court does not bar considera-
tion of this petition.   See *Fay, Warden* v. *Noia,* 372 U. S.
391, 423; *Sanders* v. *United States,* 373 U. S. 1, 8.

We deem it unnecessary to decide whether the writ
should be denied as a matter of discretion because of either
(a) the Superior Court order and the fact that the peti-
tioner had in that court "a full and fair hearing on the
merits" (*Sanders* v. *United States,* 373 U. S. 1, 9), or (b)
the petitioner's right of appeal from the Superior Court
order.   *Stearns, petitioner,* 343 Mass. 53, 57–58.

2.   In March, 1959, the petitioner was committed to "the

branch treatment center at Norfolk'' for sixty days for examination and diagnosis by two psychiatrists preliminary to their report and recommendation as to commitment for the indefinite period of from one day to life (G. L. c. 123A, §§ 4, 5, and 6, as appearing in St. 1958, c. 646, § 1). The center at Norfolk was ''in existence'' but ''was not a valid and proper treatment center.'' The Bridgewater treatment center was established on June 19, 1959. After that date the petitioner was committed to that treatment center, on the report and recommendations resulting from the March, 1959, commitment.

The petitioner contends that examination and diagnosis in a valid treatment center are indispensable to a subsequent commitment for treatment, citing *Commonwealth* v. *Page,* 339 Mass. 313, 316, wherein we said that the judge in the Superior Court should have given the ruling: ''If no treatment center has been established in fact, although required under said c. 123A, then the remaining provisions are inoperative until such center has been established.''

We disagree. It appears that the facilities and opportunities afforded the two psychiatrists at the ''branch treatment center'' were adequate to permit them to make an examination, diagnosis, recommendation and report. See G. L. c. 123A, § 4. The intent of the statute was thus fully satisfied. That the branch was not a valid treatment center makes no difference. The petitioner was not treated there.

The respondent rightly points out that the holding of the *Page* case is, as stated in *Commonwealth* v. *Hogan,* 341 Mass. 372, 375, ''that a person who has been determined to be a 'sexually dangerous person' and is subject to an indefinite commitment in a treatment center cannot be committed to a prison where a treatment center has not been established.'' The requested ruling in the *Page* case raised that issue. It should have been given to the extent of the holding in the case. 339 Mass. at 317–318. Our statement in that opinion is not to be taken as establishing the broad rule for which this petitioner contends.

*Petition for a writ of*
*habeas corpus dismissed.*