349 Mass. 519 (1965)
209 N.E.2d 185
ALLAN MAKI
vs.
SUPERINTENDENT OF MASSACHUSETTS CORRECTIONAL INSTITUTION, BRIDGEWATER.
Supreme Judicial Court of Massachusetts, Suffolk.
June 28, 1965.
July 2, 1965.
Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & SPIEGEL, JJ.
Louis M. Nordlinger for the petitioner.
Richard W. Murphy, Special Assistant Attorney General, for the respondent.
WHITTEMORE, J.
This petition for a writ of habeas corpus was reserved and reported by a single justice on the petition, a finding, two statements of agreed facts and a stipulation.
1. The respondent recognizes that the dismissal of a like petition in the Superior Court does not bar consideration of this petition. See Fay, Warden v. Noia, 372 U.S. 391, 423; Sanders v. United States, 373 U.S. 1, 8.
We deem it unnecessary to decide whether the writ should be denied as a matter of discretion because of either (a) the Superior Court order and the fact that the petitioner had in that court "a full and fair hearing on the merits" (Sanders v. United States, 373 U.S. 1, 9), or (b) the petitioner's right of appeal from the Superior Court order. Stearns, petitioner, 343 Mass. 53, 57-58.
2. In March, 1959, the petitioner was committed to "the *520 branch treatment center at Norfolk" for sixty days for examination and diagnosis by two psychiatrists preliminary to their report and recommendation as to commitment for the indefinite period of from one day to life (G.L.c. 123A, §§ 4, 5, and 6, as appearing in St. 1958, c. 646, § 1). The center at Norfolk was "in existence" but "was not a valid and proper treatment center." The Bridgewater treatment center was established on June 19, 1959. After that date the petitioner was committed to that treatment center, on the report and recommendations resulting from the March, 1959, commitment.
The petitioner contends that examination and diagnosis in a valid treatment center are indispensable to a subsequent commitment for treatment, citing Commonwealth v. Page, 339 Mass. 313, 316, wherein we said that the judge in the Superior Court should have given the ruling: "If no treatment center has been established in fact, although required under said c. 123A, then the remaining provisions are inoperative until such center has been established."
We disagree. It appears that the facilities and opportunities afforded the two psychiatrists at the "branch treatment center" were adequate to permit them to make an examination, diagnosis, recommendation and report. See G.L.c. 123A, § 4. The intent of the statute was thus fully satisfied. That the branch was not a valid treatment center makes no difference. The petitioner was not treated there.
The respondent rightly points out that the holding of the Page case is, as stated in Commonwealth v. Hogan, 341 Mass. 372, 375, "that a person who has been determined to be a `sexually dangerous person' and is subject to an indefinite commitment in a treatment center cannot be committed to a prison where a treatment center has not been established." The requested ruling in the Page case raised that issue. It should have been given to the extent of the holding in the case. 339 Mass. at 317-318. Our statement in that opinion is not to be taken as establishing the broad rule for which this petitioner contends.
Petition for a writ of habeas corpus dismissed.