217 So.2d 343 (1969)
Peter SIMMONS, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 68-123.
District Court of Appeal of Florida. Second District.
January 10, 1969.
*344 Michael W. Melvin and Jack O. Johnson, of Holland & Knight, Bartow, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and Robert R. Crittenden, Asst. Atty. Gen., Lakeland, for appellee.
PER CURIAM.
Appellant, defendant below, has filed this appeal from a sentence imposed by the trial court.
The appellant was sentenced to a term of twenty years on the charge of manslaughter. The sentence was imposed after the trial court granted appellant's motion to vacate and set aside judgment and sentence for manslaughter rendered on March 1, 1950. It was found by the trial court that appellant was not properly represented by counsel at the time of his sentencing on March 1, 1950.
Originally, appellant's motion to vacate and set aside was denied by the lower court. Appellant brought an appeal (our case no. 67-355) from the denial of that motion. Before that appeal could be heard jurisdiction was temporarily relinquished to the trial court. The trial court then reversed itself and granted appellant's motion to vacate and set aside. This in effect rendered appeal 67-355 moot for that which appellant argued as error of the trial court was subsequently corrected and granted by the trial court.
After granting appellant's motion to vacate and set aside the judgment and sentence, the trial court re-sentenced him on his original plea of guilty. This sentence is the subject of the appeal in the instant case, #68-123. We are only concerned herein with this case and not #67-355. They are two distinct cases and there has been no merger of the two cases. Case 67-355 is now rendered moot by subsequent order of the trial court which is now the subject of 68-123.
The appellant was sentenced on a plea of guilty to the charge of manslaughter on March 1, 1950, for a term of twenty years in the State prison. He was paroled on June 26, 1956. He had escaped from prison on June 5, 1951 until July 7, 1951.
On October 6, 1959, in Pasco County, the appellant was found guilty of breaking and entering with intent to commit a misdemeanor. He received a five year prison sentence which he served until June 27, 1962.
Appellant's parole on the manslaughter sentence was revoked and on June 27, 1962, he again began serving the sentence for manslaughter. He was again paroled on *345 September 11, 1962, from the manslaughter sentence.
On September 20, 1966, appellant was sentenced in Dade County for six years on a conviction of robbery with credit for time served in the Dade County jail prior to sentencing. Parole on the manslaughter sentence has been revoked to be effective upon the expiration of the Dade County sentence.
Appellant comes before us now seeking a determination of whether or not the sentence for manslaughter was withheld. In the alternative he seeks a determination of the proper credit time that should be granted on his second sentence.
Appellant contends that since he was not validly sentenced until 17 years after the original void sentence, then the sentence was withheld. Appellant contends that the sentence was withheld within the interpretation of § 775.14, Fla.Stats., F.S.A., for over five years. We cannot agree with appellant's contentions.
The cases cited and found to be in support of this argument and interpreting § 775.14, show fact situations when the sentences were withheld in the first instance and then imposed at a later date. Some sentences were imposed within the five year limitation and some were not. See Bateh v. State, Fla.App. 1958, 101 So.2d 869; Helton v. State, Fla. 1958, 106 So.2d 79; Rodriguez v. State, Fla. 1960, 119 So.2d 681; Drayton v. State, Fla.App. 1965, 177 So.2d 250; Helton v. Mayo, 1943, 153 Fla. 616, 15 So.2d 416.
The facts in the instant case show that the sentence was imposed and found later to be void. At the time the appellant was sentenced, it was thought to be valid but seventeen years later was found not to be valid. This is not a case of a withheld sentence within the meaning of § 775.14, Fla.Stats., F.S.A.
Second, appellant contends that he should be granted credit for:
1) The time served on the original manslaughter charge.
2) The period of time out on the first parole.
3) The time served on the Pasco County sentence.
4) The period of time out on the second parole.
5) The time served on the Dade County sentence.
6) And any gain time that he might have accumulated.
Appellant also contends that the new sentence for manslaughter must run concurrently with the Dade County sentence under the interpretation of § 921.16, Fla. Stats., F.S.A.
The order of the trial court imposing the new sentence stated:
"* * * `it is the sentence of the law and the judgment of the Court that you, Peter Simmons, Jr., for your crime of Manslaughter, for which you now stand convicted, be confined in the custody of the Division of Corrections at a State Correctional Institution for a period of twenty years less time already served less gain time credited previously and less any other time credited previously said credit time to be computed by the Division of Corrections.'"
We note that the record contains a letter from the Division of Corrections advising appellant's counsel exactly how much time would be credited to appellant's sentence. The letter also indicates the source of the time with which he is credited.
It is reasonable to find that the appellant would be credited with the time that he had already served under the original manslaughter sentence which was later found to be void. See Tilghman v. Mayo, Fla. 1955, 82 So.2d 136, Vellucci v. Cochran, Fla. 1962, 138 So.2d 510. We so find that the appellant is entitled to credit for the *346 time actually served under the void sentence as computed by the Division of Corrections.
Under the existing laws of this State we cannot find that appellant is entitled to credit for the time he was out on parole.
In Mayo v. Lukers, Fla. 1951, 53 So.2d 916, it is stated:
"It was not the intention of the Legislature by the enactment of Section 947.21 to confer on the Parole Commission the power or authority to suspend, modify or set aside the judgment of a court lawfully imposed in criminal cases, but provided that the period of time the prisoner was on parole and not actually serving the sentence would in no manner decrease nor diminish the time imposed by the original court sentence. In other words, the time of imprisonment provided for in the judgment would simply be tolled during the parole period. If the parole was violated and the parolee returned to prison by an order of the Commission, then the time of sentence would be computed from the date of the parole order without gain time allowance during the parole period. This construction is in line with the weight of authority from other jurisdictions having similar statutes. * * * "
See also Deese v. Cochran, Fla. 1962, 139 So.2d 429; Dear v. Mayo, 1943, 153 Fla. 164, 14 So.2d 267.
The appellant seeks credit for any gain time to which he was entitled or would have been entitled. The rule is set down in Mayo v. Lukers, supra:
"Section 954.06, F.S.A., prescribes the method or rule for computation of gained time for good conduct on the part of prisoners by the Board of Commissioners of State Institutions. Pertinent thereof is the following provision: `For each sustained charge of escape or attempted escape, mutinous conduct or other serious misconduct, all the commutations which shall have accrued in favor of the prisoner up to that day shall be forfeited, except that in case of escape if the prisoner voluntarily returns without expense to the state, then such forfeiture may be set aside by the board of commissioners of state institutions if in their judgment his subsequent conduct entitles him thereto.' (Emphasis supplied.) It will be observed that a prisoner may forfeit by misconduct gain time accumulated by him for good behavior. The Board of Commissioners may restore the gain time to the person if his subsequent conduct entitles him to it. The petitioner may have the forfeited time restored in the final computation of the time served on his sentence. The gain time allowance provided for by this statute may be forfeited by misconduct on the part of the prisoner during the life of the sentence. The cases generally hold that the granting of the gain time allowance is an act of grace rather than a vested right which may be withdrawn, modified, or denied, dependent on the course of conduct of the prisoner. The ends to be obtained are the reform and rehabilitation of the prisoner and his return to and discharge of his duties to society. 41 Am.Juris. 919."
See also Mayo v. State ex rel. Cox, Fla. 1952, 56 So.2d 547; Dear v. Mayo, 1943, 153 Fla. 164, 14 So.2d 267.
Under the rule the computation for gain time is properly handled by the Board of Commissioners of State Institutions. We see no reason to depart from that rule and therefore leave this computation, if granted, to the proper State agency empowered to act.
Appellant next seeks credit for the time he actually served under the Pasco County sentence and the present Dade County sentence.
At the time of the Pasco County sentence on October 6, 1959, appellant was on parole from the manslaughter sentence. After appellant was convicted and sentenced in Pasco County, the Parole Commission *347 properly revoked appellant's parole. The effective date of revocation was to be June 27, 1962. The order of revocation was dated November 20, 1959, retroactive to June 7, 1959. In other words, at the time of the revocation of his parole he was serving another sentence. He was not serving a sentence at the time of his conviction in the Pasco County case.
At the time of the Dade County sentence, September 20, 1966, appellant was again out on parole from the manslaughter sentence. This parole was revoked on November 22, 1966, retroactive to September 20, 1966. The effective date of termination of the parole is August 1, 1970. In this case he also was serving another sentence at the time of the order revoking his parole.
In both cases, the revocation was not effective until after the two sentences, Pasco and Dade, had been served. In other words, he was still effectively out on parole while he was serving the other two separate sentences. He was not serving two sentences at the same time.
Therefore, § 921.16, Fla.Stats., F.S.A., does not operate to make the sentences run concurrently or consecutively. In Mayo v. State ex rel. Cox, Fla. 1952, 56 So.2d 547, a similar question on concurrent sentences was presented. The Supreme Court stated:
"It is apparent that the Pardon Board was notified of the sentence imposed on December 19, 1947, and it may be that the Pardon Board had a right to defer a revocation of the original pardon until the appellee had served his 5-year sentence. However, the Pardon Board did not attempt to exercise any such right. On January 6, 1948, which was about two weeks after the appellee began serving his 5-year sentence and was actually serving the same, the Pardon Board revoked the conditional pardon and in the order of revocation specifically required the appellee to serve the part of his original sentence which he had not served at the date of the conditional pardon `the same as if no pardon had been granted'. This order of the Pardon Board took effect immediately. It did not even attempt to provide that the appellee should begin to serve the balance of this 15-year sentence after the termination of his service of his 5-year sentence, but ordered him to begin serving his sentence the same as if no pardon had been granted." (Emphasis supplied.)
In Mayo v. State ex rel. Cox the Pardon Board did not exercise its right to defer the revocation of the parole until one sentence had been served. The Supreme Court ruled that in that case the two sentences must run concurrently.
However, in the instant case the record shows that the Pardon Board did defer the revocation of parole on both occasions until after the respective sentences had been served. The orders of revocation of the parole of appellant clearly show this deferment. In other words, the Pardon Board did properly exercise that right of deferment.
Therefore, it is only reasonable to hold that the sentences ran consecutively and not concurrently in the instant case. Appellant is not entitled to any time credited for the time served under the Pasco County sentence nor the Dade County sentence. The Dade County sentence and the remainder of the manslaughter sentence run consecutively and not concurrently.
For the reasons stated herein, we must and do hold that appellant is entitled to credit only for the time actually served on the manslaughter sentence. If the Board of Commissioners of State Institutions, acting within its discretion, chooses to award any gain time to appellant then it must be credited to his sentence for manslaughter. This does not include any gain time to be credited to appellant's Dade County sentence.
The sentence of the trial court is affirmed and the Division of Corrections is hereby *348 instructed to compute the time credited to appellant consistent with this opinion.
Affirmed.
PIERCE, A.C.J., and MANN, J., and ALLEN, J. (ret.), concur.