376 So.2d 855 (1979)
Hennard HARRIS, Petitioner,
v.
Louie L. WAINWRIGHT, Respondent.
No. 56716.
Supreme Court of Florida.
November 1, 1979.
Hennard Harris, in pro. per., for petitioner.
Jim Smith, Atty. Gen., and A.S. Johnston, Asst. Atty. Gen., Tallahassee, for respondent.
ADKINS, Acting Chief Justice.
In original habeas corpus proceedings, petitioner asserts that section 944.275 Florida Statutes (1978 Supplement) is unconstitutional as it is applied to him, in that he is harmfully required to remain in prison for an indeterminate number of months or years past the original expiration of the sentence under the law as it existed at the time of the offense. This statute, known as the "gain time statute" requires the Department of Corrections to grant deduction for gain time on a monthly basis, as earned, from the sentence of every prisoner who has committed no infraction of the rules of the department or of the laws of the state *856 and who has performed in a satisfactory and acceptable manner the work, duties, and tasks assigned.
Petitioner says that under the former law, section 944.27 Florida Statutes (1977) he was credited with all of his statutory gain time in advance at the time he was received into the custody of the Department of Corrections.
The new law (1978) is different from the former law (1977) is that there is an award of three days per month instead of five for the first two years; the award of six days per month instead of ten for the second two years; and the award of nine days per month instead of fifteen for anything over four years service of sentence.
Instead of awarding or crediting a prisoner with the statutory gain time at the old rate according to the number of years sentenced and time served, the Department of Corrections would credit such gain time monthly (rather than in advance) at the new lesser rate and then only according to the number of years served. The "up front" awarding of gain time under the prior law was merely an administrative method by which an expiration date of sentence was tentatively calculated. Under either the old law or the new, gain time, whether it be what is normally considered "statutory" or "extra", only comes into play if a given inmate conducts himself in such a way as to deserve the gain time. Therefore, any notion of gain time can only be considered, at best, as conditionally vested.
Petitioner says that the statutory gain time credited in advance by the Department of Corrections under section 944.27, Florida Statutes (1977) was the custom by departmental rule and thus has become a vested right, at least insofar as petitioner is concerned. He says that the department entered into a binding contractual arrangement when petitioner entered prison that he would be able to receive and keep the statutory gain time in the absence of disciplinary problems. Petitioner contends that he is being deprived of "good time" by an ex post facto law. In essence, it is claimed that since section 944.275, Florida Statutes (1978) permits the accumulation of a lesser amount of good time than did its predecessor, section 944.27, Florida Statutes (1977), then the application of the new statute to petitioner and the computation of his gain time makes the statute an ex post facto law as it was not in effect at the time petitioner was convicted and sentenced.
Appellate courts throughout the country have repeatedly recognized that the allowing of gain time is an act of grace and that a prisoner has no right to receive gain time in the absence of a legislative provision therefor. In other words, gain time allowance is an act of grace rather than a vested right and may be withdrawn, modified, or denied. See Gilstrap v. Clemmer, 284 F.2d 804 (4th Cir.1960); Hiatt v. Compagna, 178 F.2d 42 (5th Cir.1949) aff'd. 340 U.S. 880, 71 S.Ct. 192, 95 L.Ed. 639 (1950); Estabrook v. King, 119 F.2d 607 (8th Cir.1941); Kastel v. Fish, 36 F. Supp. 700 (D.C.Md. 1931); Shattuck v. Grider, 493 P.2d 829 (Okl.Cr. 1972) citing with approval Dear v. Mayo, 153 Fla. 164, 14 So.2d 267 (1943); People ex rel. Colletti v. Pate, 31 Ill.2d 354, 201 N.E.2d 390 (1964); Comerford v. Commissioner of Correction, 335 Mass. 714, 141 N.E.2d 893 (1957); Lembersky v. Parole Board of Department of Correction, 332 Mass. 290, 124 N.E.2d 521 (1954).
Although section 944.275, Florida Statutes, was effective July 1, 1978, it was not implemented until January 1, 1979. This means that petitioner's gain time was computed under the provision of section 944.27, Florida Statutes (1977), until January 1, 1979, and thereafter computed pursuant to the provision of section 944.275, Florida Statutes (1978).
Mayo v. Lukers, 53 So.2d 916 (Fla. 1951) recognizes that the right to gain time is not a vested one and that it is obviously dependent on the course of the conduct of the inmate. This Court has emphasized the legislature's power to make whatever changes it deems prudent in the gain time procedure. In Dear v. Mayo, 153 Fla. 164, 14 So.2d 267 (1943), this Court said that parole and gain time is granted by the sovereign as a matter of grace rather than of right *857 and that the state may offer such grace under and subject to such conditions as it may consider most conducive to accomplish the desired purpose. In Kimmons v. Wainwright, 338 So.2d 239 (Fla.App. 1st DCA 1976), the court said that gain time is given to prisoners through the beneficence of the legislature, and the legislature has full authority to establish the terms and conditions thereof.
This is not a situation in which a new law has been passed eliminating the allowance of gain time in certain situations. Dowd v. Sims, 229 Ind. 54, 95 N.E.2d 628 (1950). This is not a situation in which the entire scheme of criminal penalties has been revised. Goldsworthy v. Hannifin, 86 Nev. 252, 468 P.2d 350 (1970). It is not a situation in which the length of incarceration for juvenile offenders has been extended. In re Dewing, 19 Cal.3d 54, 136 Cal. Rptr. 708, 560 P.2d 375 (1977); In re Valenzuela, 275 Cal. App.2d 483, 79 Cal. Rptr. 760 (3d Dist. 1969). Likewise, it is not a situation involving a new and different interpretation of existing law. Love v. Fitzharris, 460 F.2d 382 (9th Cir.1972).
The petition for writ of habeas corpus is denied.
It is so ordered.
BOYD, OVERTON, SUNDBERG and ALDERMAN, JJ., concur.