LARRY G. SMITH, Judge.
Petitioner seeks to invoke the original jurisdiction of this court by petition for writ of mandamus. This court has examined the petition, pursuant to Rule 9.100(f), Florida Rules of Appellate Procedure, to determine whether it demonstrates a preliminary basis for relief. Petitioner complains that respondents have refused to review petitioner’s notice of appeal filed under Section 947.173, Florida Statutes (1978), and that respondents by letter have stated that no action would be taken with respect to his presumptive parole release date of June 13, 1988, until petitioner complies with the requirements of Section 944.-485(l)(a), Florida Statutes (1978). Each prisoner in the state correctional system, under subparagraph (l)(a) of the statute,
“(a) Shall disclose all revenue or assets as a condition of parole eligibility.”
Petitioner alleges that he has and does object to the disclosure of his assets, grounding his objection upon his claim of prejudice under the First and Fifth Amendment guarantees of the United States Constitution. We find no merit in these assertions. Parole in Florida is granted by the sovereign as a matter of grace rather than of right, and the State may offer such grace under and subject to such conditions as it may consider most conducive to accomplish the desired purpose. Dear v. Mayo, 153 Fla. 164, 14 So.2d 267 (Fla.1943); Harris v. Wainwright, 376 So.2d 855 (Fla.1979). On a closely analogous issue, it has been held that a probationer’s Fifth Amendment privilege against self-incrimination is not infringed upon by requiring him, as a condition of his probation, to provide specific information needed for his supervision, and to explain his non-criminal conduct, State v. Heath, 343 So.2d 13 (Fla.1977). And in State v. Mangam, 343 So.2d 599 (Fla.1977), the Supreme Court of Florida ruled that the trial judge did not abridge a petitioner’s Fifth Amendment rights, in a revocation proceeding, by penalizing him for refusing to testify in response to requests by the court to explain his leaving a residential probation program which he had been ordered to attend as a condition -of probation.
The statute itself discloses legitimate needs for information concerning an inmate’s financial resources. Such disclosures would aid in determination of the inmate’s ability to pay all or a portion of his daily subsistence costs while in the correctional system, and would be of additional value in enforcing the requirement that the inmate pay the liability or potential liability of the inmate to the victim of his crime (Section 944.485(l)(b), Florida Statutes (1978)). See also Section 947.181, Florida Statutes (1977) (victim restitution); Section 945.30, Florida Statutes (1977) (payment for costs of supervision and rehabilitation); and Section 960.-17, Florida Statutes (1977) (award of victim compensation constitutes debt owed by inmate to the State).
We hold that the petition fails to demonstrate a preliminary basis for relief, and the same is hereby denied.
McCORD and SHIVERS, JJ., concur.