397 So.2d 663 (1981)
STATE of Florida, Petitioner,
v.
John Thomas WILLIAMS, Respondent.
No. 59451.
Supreme Court of Florida.
April 9, 1981.
*664 Jim Smith, Atty. Gen., and Miguel A. Olivella, Jr., Asst. Atty. Gen., Tallahassee, for petitioner.
Hugh A. Carithers, Jr., of Sheppard & Carithers, Jacksonville, for respondent.
OVERTON, Justice.
The First District Court of Appeal has certified for our review the following question as one of great public importance:
Does the retention of jurisdiction by a trial judge and denial of release through gain time pursuant to § 947.16, Florida Statutes (Supp. 1978), constitute an ex post facto application of the law when the crimes were committed prior to the statute's effective date?
Williams v. State, 383 So.2d 722 (Fla. 1st DCA 1980). We have jurisdiction, article V, section 3(b)(4), and find that the recent United States Supreme Court decision in Weaver v. Graham, ___ U.S. ___, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981), requires an affirmative answer.
The present facts are undisputed. In a joint jury trial with two codefendants, respondent John Thomas Williams was convicted of two counts of attempted second-degree murder, attempted kidnapping, conspiracy to commit armed robbery, conspiracy to commit kidnapping, and possession of a weapon by a convicted felon. The trial court sentenced Williams to a total of 150 consecutive years in state prison and, pursuant to section 947.16, Florida Statutes (Supp. 1978), retained jurisdiction for the first one-third of Williams' sentence. The applicable portion of section 947.16 was enacted after the commission of the offense for which Williams was convicted but before his actual trial, and provides that if a defendant is convicted of certain enumerated, severe crimes, the trial court may retain jurisdiction for the first one-third of the maximum sentence imposed. This in effect imposes an additional requirement before a prisoner can be paroled: he must obtain the approval of both the parole commission and the trial court, as compared to just the commission's approval as it was under the prior law. Section 947.16 also provides that if a trial court retains jurisdiction, the defendant may not be released due to gain time during the first one-third of his sentence, although gain time continues to accrue.
On appeal, Williams asserted that the trial court's retention of jurisdiction under section 947.16 constituted an ex post facto application of the statute, because both the trial court's veto power over parole and the denial of release pursuant to gain time in effect enhanced his sentence. The district court agreed, finding that "by applying a statute which did not exist at the time of the offense, the [trial] judge in effect extended appellant's jail time." 383 So.2d at 725. Accord, Rodriquez v. State, 380 So.2d 1123 (Fla. 2d DCA 1980) (same holding).
We find that the most recent decision of the United States Supreme Court in Weaver v. Graham, ___ U.S. ___, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981), controls the issue and mandates an affirmance. In Weaver, a prisoner had petitioned this Court for habeas corpus relief claiming that a statute which altered the method of prisoner gain-time computation and which was enacted subsequent to the crime for which the prisoner was incarcerated, affected him detrimentally and was therefore an ex post facto law. This Court summarily denied relief, Weaver v. Graham, 376 So.2d 855 (Fla. 1979), on the basis of Harris v. Wainwright, 376 So.2d 855 (Fla. 1979), a decision issued on the same day. In Harris, the Court upheld the constitutional validity of the newly enacted gain-time statute, as applied to prisoners incarcerated for crimes committed prior to the statute's enactment, reasoning that "gain time allowance is an act of [legislative] grace rather than a vested right and may be withdrawn modified, or denied." Id. at 856.
The United States Supreme Court unanimously reversed, holding that the *665 statute was indeed violative of the federal constitutional prohibition against ex post facto laws. The Supreme Court set forth a two-fold test: (1) does the law attach legal consequences to crimes committed before the law took effect, and (2) does the law affect the prisoners who committed those crimes in a disadvantageous fashion? If the answer to both questions is yes, then the law constitutes an ex post facto law and is void as applied to those prisoners.
Under the facts of the instant case, we find that both prongs of the Weaver test are met. First, section 947.16 attaches the legal consequences of the trial court's parole veto and no gain-time release to those who committed crimes before the provision's effective date. Second, these consequences have a disadvantageous effect in that the prisoners' sentences are enhanced.
We note that for many years prior to section 947.16's enactment, the Parole and Probation Commission informally gave notice to the sentencing judge of a prisoner's parole date and sought the judge's comments. Our decision today should in no manner restrict the commission from seeking information or advice from any source concerning a prisoner's parole.
The district court's affirmative answer to the certified question is approved. We remand to the district court for entry of that court's mandate.
It is so ordered.
SUNDBERG, C.J., and ADKINS, BOYD, ENGLAND, ALDERMAN and McDONALD, JJ., concur.