McDONALD, Judge.
This cause is before the Court on appeal from a judgment of the Circuit Court of the Fourth Judicial Circuit, in and for Duval County. Wilson pled guilty to charges in two separate informations. At sentencing, the trial court retained jurisdiction for one-third of the sentences pursuant to section 947.16(3), Florida Statutes (1979). While so doing, the court expressly upheld the constitutionality of section 947.16(3). We have jurisdiction. Art. V, § 3(b)(1), Fla.Const. (1972).
The facts are undisputed. On December 4, 1979 the state filed an amended information (Circuit Court Case No. 79-7387-CF) charging Wilson in count I with attempted armed burglary with a firearm, in count II with aggravated battery with a firearm, and in count III with possession of a firearm by a convicted felon. Allegedly, these *513 offenses occurred on October 25, 1979. On January 10, 1980 another information was filed (Circuit Court Case No. 80-192) charging Wilson in count I with burglary with an assault and in count II with second-degree murder. These offenses allegedly occurred on June 18, 1976. Wilson entered pleas of guilty to all counts.
The court adjudged Wilson guilty and sentenced him in Case No. 80-192 to 99 years imprisonment for second-degree murder with a consecutive sentence of fifty years imprisonment for burglary. In Case No. 79-7387-CF, the court sentenced Wilson to fifteen years imprisonment for attempted armed burglary, to a consecutive fifteen years imprisonment for aggravated battery, and to a third consecutive term of fifteen years for possession of a firearm by a convicted felon. The court entered a written order retaining jurisdiction over Wilson for review of any release order of the Parole and Probation Commission during the first forty-five years of the total sentence.
Wilson’s first issue raises the impropriety of applying section 947.16(3) to a crime committed in 1976. He contends that such is an ex post .factor application of the law. Our recent decision in State v. Williams, 397 So.2d 663 (Fla.1981), is controlling on this issue, and we agree that retention of jurisdiction over an offense committed in 1976 is an ex post facto application of the statute. Wilson next asserts that the imposition of a fifteen-year sentence for attempted armed burglary is an illegal sentence. The state agrees on this point. The maximum sentence allowed under section 777.04(4)(c), Florida Statutes (1979), for this crime is five years. Finally, Wilson contends that section 947.16(3) is unconstitutional. We find no merit in his arguments and uphold the constitutionality of the statute based on our recent decision in Borden v. State, 402 So.2d 1176 (Fla.1981).*
The circuit court’s application of section 947.16(3) to the 1976 offenses is reversed. Jurisdiction may be retained as to the 1979 offenses prosecuted under Case No. 79-7387-CF. The fifteen-year sentence for attempted burglary under Case No. 79-7387-CF is vacated to the extent it exceeds five years. We remand for the trial court to enter an order in accordance with this opinion.
It is so ordered.
SUNDBERG, C. J., and ADKINS, BOYD and OVERTON, JJ., concur.
ALDERMAN, J., concurs specially with an opinion.

Although we uphold the constitutionality of § 947.16(3), this section should be used sparingly and carefully. For retention to be valid, the trial judge is required to state the justification with individual particularity.