DOWNEY, Judge.
Appellant was charged initially with attempted armed robbery with a firearm. The information was amended to charge attempted robbery with a deadly weapon, deleting the allegation of a firearm. After pleading guilty, appellant was placed on probation for ten years. Thereafter, his probation was revoked, and the court sentenced appellant to fifteen years in prison, retaining jurisdiction over the first one-third of the sentence, pursuant to Section 947.16(3)(a), Florida Statutes (1979). From that sentence appellant perfected this appeal.
We have considered appellant’s several points on appeal and find that only one of them has merit, i.e., the trial court erred in retaining jurisdiction over the first one-third of the sentence.
The thrust of the attack upon the retention of jurisdiction is that the statute in question, Section 947.16(3), Florida Statutes (1979), was not passed until after the criminal episode for which appellant was sentenced occurred. The statute attaches disadvantageous sentencing consequences in the form of the trial court’s retention of jurisdiction to veto a prisoner’s parole, etc. Therefore, the application of the statute to the crime in this case would constitute an ex post facto application condemned in State v. Williams, 397 So.2d 663 (Fla.1981); Wilson v. State, 414 So.2d 512 (Fla.1982); Williams v. State, 414 So.2d 509 (Fla.1982).
Accordingly, we affirm the sentence appealed from in all respects except as to the retention of jurisdiction over the first one-third of the sentence. That aspect of the sentence is vacated.
AFFIRMED AS MODIFIED.
HURLEY and DELL, JJ., concur.