[Crim. No. 7246.   Second Dist., Div. Three.   July 29, 1960.]

THE PEOPLE, Respondent, v. PERRY THEODORE KING et al., Defendants; THOMAS BRAZIL WILLIAMS, Appellant.

Thomas Brazil Williams, in pro. per., for Appellant.

No appearance for Respondent.

THE COURT.—Perry Theodore King, Thomas Brazil Williams and Wallace Wise were accused by information of having robbed Loren Medlin of $55. It was alleged that in the commission of the offense defendants were armed with a deadly weapon, to wit, a .38 caliber revolver. In a jury trial the defendants were convicted of robbery of the first degree; it was found that King was armed but that Williams was not. Williams made a motion for new trial which was denied. He noticed an appeal in propria persona which we construe to be an appeal from the order as well as from the judgment.

At the trial King and Wise were represented by the public defender. James O. Williams was appointed under section 987a, Penal Code, to represent defendant Williams.

There was evidence of the following facts. Medlin was a clerk in a liquor store on Central Avenue in Los Angeles; at about 10 p.m., Williams and Wise entered the store and went to the rear where they engaged Medlin in conversation; King entered the store, drew a gun and said "This is a holdup" and fired a shot which struck an adding machine and ricocheted striking Medlin in the abdomen; Williams and Wise were standing in the rear of the store with their hands raised; Medlin gave King $75 from the cash register and King left; Medlin tried to telephone the police but Williams and Wise "pawed" at him and interfered with his making the call; Williams and Wise left and Medlin called the police. The defendants were arrested some time later.

King fell under suspicion while he was held under another felony charge. He was arrested, made a confession and implicated Williams and Wise. King wrote out and signed a confession admitting the burglary and giving practically the same account of the happenings in the store as was given by Medlin. Wise also made a confession and stated that each of the three participants received about $16 in the division of the proceeds of the robbery. Williams denied having received any money. He did, however, admit having taken King's revolver and having pawned it for $9.00 which he stated he gave to King who denied having received the money. Later the three defendants were questioned by the officers in an interview that was recorded on tape. After a foundation was laid showing that the statements of the defendants were made voluntarily and

that the record in court was a true and correct record of the interview, the recording was played to the court and jury. The substance of the recording was that Sergeant Culshaw repeated at length the statements that had previously been made to the police by the defendants. This included a full description of the circumstances of the robbery including a division of the money and the taking of the gun by Williams from King's car. Both King and Wise in this interview implicated Williams as a participant in the robbery. The officers stated to Williams that he had previously admitted having driven with Wise and King in the latter's car to the liquor store and that he himself entered the store to get a package of cigarettes, that he did not receive any of the money but that he pawned King's gun to a man called Coon King. This statement was repeated to Williams and he admitted having made the statements but he added further that he did not get the $16 or $9.00 and did not pawn King's gun. He denied having participated in the robbery. Each defendant said in turn that the recording that had been played was a correct account of the interview and that their statements were made voluntarily.

Upon the trial both King and Wise denied any participation in the robbery. Williams admitted having been in the liquor store in order to purchase cigarettes when King and Wise came in and the robbery of Medlin took place as described by Medlin. He, Williams, remained in the store until Medlin came to and was telephoning the police. He denied on the stand having received any money and denied having pawned the gun. He admitted having made the statements to the officers to which they had testified but he said he had made the statements "out of nervousness." He testified that he was not too well acquainted with King and Wise. King testified that he was living with the sister of Williams in a common-law relationship.

Although Williams testified that his admissions had been due to his nervous apprehension and King testified that he had been threatened, the officers testified that no coercion of any kind was used in order to obtain the confessions.

The record presents no conceivable ground for disturbing the judgment other than the possible insufficiency of the evidence to prove the guilt of Williams. The evidence was not only ample to prove guilt but would have warranted no other reasonable conclusion. The trial was conducted without error.

The judgment and order denying motion for new trial are affirmed.