[Crim. No. 19424. First Dist., Div. One. July 23, 1979.]

In re GERALD DAVID CARSON on Habeas Corpus.

**COUNSEL**

Michael Satris, under appointment by the Court of Appeal, and Gerald David Carson, in pro. per., for Petitioner.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, John T. Murphy and Kenneth C. Young, Deputy Attorneys General, for Respondent.

**OPINION**

**ELKINGTON, J.**—Gerald David Carson was convicted under the *Indeterminate* Sentence Law of first degree robbery, and is presently a state prison inmate under a sentence imposed for that crime. Complaining that the Community Release Board had fixed his sentence contrary to the state's new *determinate* sentence law (Pen. Code, § 1170.2, subd. (a)), he petitions this court for a writ of habeas corpus.

In the perpetration of the subject robbery the record establishes that Carson was not, and an accomplice was, *personally* armed with a deadly or dangerous weapon. It is also observed that the judgment of conviction under which he is presently serving a sentence recites: "prior felony conviction . . . charged and proved or admitted . . . Mar. 29, 1961 Superior Court County of Sacramento Robbery First Degree Vio. Sec 211 P.C. State Prison [*sic*]."

Under the above-noted statute (Pen. Code, § 1170.2, subd. (a)) the board had enhanced Carson's sentence by one year for "being armed with a deadly or dangerous weapon," and one year because of a prior felony (first degree robbery) conviction for which he served a prison term.

 We consider first Carson's contention that the enhancement for "being armed" was unlawfully imposed. In respect of it he says, "I have based my argument and stated my contention from the California Supreme Court holding in In re Lawler (Jan. 79) 23 Cal.3d 190 *at page 195.*"

Section 1170.2, subdivision (a), provides that a prison inmate such as Carson who was sentenced under the old *Indeterminate* Sentence Law, may have the middle term for his offense "increased by any enhancements justified by matters found to be true and which were imposed by the court at the time of sentencing . . . . Such matters include: being armed with a deadly or dangerous weapon as specified in [Pen. Code] Section 211a, 460, 3024, or 12022 prior to July 1, 1977, which may result in a one-year enhancement pursuant to the provisions of [Pen. Code] Section 12022; . . ."

Carson insists that for application of Penal Code section 1170.2, subdivision (a)'s, "being armed" enhancement provision he must himself have *personally* been so armed.

*In re Lawler,* 23 Cal.3d 190 [151 Cal.Rptr. 833, 588 P.2d 1257], is of no aid to Carson upon his instant contention. That case concerned a prison inmate found by the court to have been *personally* armed with a deadly or dangerous weapon in the perpetration of the robbery of which he was convicted. The court held that in his case the enhancement provisions of Penal Code section 1170.2, subdivision (a), applied. But the court then stated (p. 195): "Because of our disposition of this matter, and the absence of any allegation or proof by petitioner that he did not personally use a dangerous weapon or that he was not armed with a firearm at the time of the commission of the offense, *we need not decide his further claim* that under section 1170.2, subdivision (a), persons convicted of first degree robbery on the basis of an armed finding within the meaning of former section 211, should not have the one-year enhancement added to their DSL terms unless they personally used a dangerous weapon or were armed with a firearm within the meaning of section 12022 as amended and operative July 1, 1977." (Italics added.)

The question before us thus, insofar as we have been able to determine, remains one of first impression.

As pointed out, Penal Code section 1170.2, subdivision (a), authorizes such an enhancement where the convicted accused was "armed with a deadly or dangerous weapon as specified in [Pen. Code] Section 211a, 460, 3024, or 12022 prior to July 1, 1977, . . ."

We advert to the first of these *disjunctively* positioned Penal Code sections, section 211a, which proscribes first degree (armed) robbery, the offense of which Carson was convicted.* Section 211a, "prior to July 1, 1977," provided that "[a]ll robbery which is perpetrated . . . by a person being armed with a dangerous or deadly weapon . . . is robbery in the first degree." Judicial authority had consistently held that where a robbery was perpetrated by two or more persons, and *less than all* of them were personally armed with a deadly or dangerous weapon, *all were deemed to have been so armed,* and thus guilty of first degree robbery. (See *People* v. *Shelton* (1967) 251 Cal.App.2d 618, 621-622 [59 Cal.Rptr. 697]; *People* v. *Washington* (1966) 243 Cal.App.2d 681, 686 [52 Cal.Rptr. 668]; *People* v. *Navarro* (1963) 212 Cal.App.2d 299, 304 [27 Cal.Rptr. 716]; *People* v. *Jones* (1962) 211 Cal.App.2d 63, 72-73 [27 Cal.Rptr. 429]; *People* v. *King* (1960) 183 Cal.App.2d 390, 391-392 [6 Cal.Rptr. 400]; *People* v. *Gilpin* (1940) 38 Cal.App.2d 24, 25-26 [100 P.2d 356].)

From the foregoing it follows, according to Penal Code section 1170.2, subdivision (a), that the Community Release Board properly enhanced Carson's sentence "by matters found to be true," i.e., "being armed with a deadly or dangerous weapon as specified in Section 211a, . . ."

We observe further that acceptance of Carson's instant argument would imply a legislative intent that persons now serving sentences for armed robbery committed prior to July 1, 1977, be punished under the *determinate* sentence law in the same manner as those otherwise similarly situated who were unarmed at the time of their crimes. ■ "Statutes should be construed so as to be given a reasonable result consistent with the legislative purpose." (*People* v. *Superior Court (Smith)*, 70 Cal.2d 123,

---

*In re Lawler, supra,* 23 Cal.3d 190, by clear implication, held that unless either of the relatively rare *alternative* bases for conviction of first degree robbery prior to the effective date of the *determinate* sentence law (July 1, 1977)—i.e., "robbery which is perpetrated by torture . . . and the robbery of any person who is performing his duties as operator of any motor vehicle, streetcar, or trackless trolley used for the transportation of persons for hire,"—is established by the habeas corpus petitioner, it will be presumed that the basis of a first degree robbery conviction is "being armed."

132 [74 Cal.Rptr. 294, 449 P.2d 230].) Here the legislative purpose is manifested by its statutory instructions to the Community Release Board, i.e., "the board shall be guided by the following finding and declaration hereby made by the Legislature: that the necessity to protect the public from repetition of extraordinary crimes of violence against the person is the paramount consideration." (Pen. Code, § 1170.2, subd. (b).)

 No merit is found in Carson's contention of error in the additional one-year enhancement of his sentence because of his prior felony conviction for which he served a prison term. That enhancement also was authorized by Penal Code section 1170.2, subdivision (a). Nor is validity seen in his argument that neither enhancement was "justified by matters found to be true and which were imposed by the court at the time of sentencing for such felony." His "being armed" and his "prior conviction" were found to be true and were imposed by the court, respectively, by the first degree (armed) robbery judgment of conviction, and that document's recital of "prior felony conviction . . . charged and proved . . . Robbery First Degree . . . 211 P.C. State Prison."

 Carson's final argument that his enhancements operate as an ex post facto law, contrary to the state's Constitution, article I, section 9, is also devoid of merit. In the instant context, an ex post facto law is one which has the effect of "increasing the punishment previously imposed for [a prison inmate's] crime." (*In re Dewing*, 19 Cal.3d 54, 57 [136 Cal.Rptr. 708, 560 P.2d 375].) Upon the commission of Carson's crime, and at the time of his conviction and sentence, the statutory penalty was five years to life; his present sentence, as enhanced, totals five years. And Penal Code section 1170.2, subdivision (c), provides: "Nothing in this section shall be deemed to keep an inmate in the custody of the Department of Corrections for a period of time longer than he would have been kept in its custody under the provisions of law applicable to him prior to July 1, 1977."

For these several reasons Carson will have no relief.

The writ of habeas corpus is denied, and the order to show cause is discharged.

Racanelli, P. J., and Newsom, J., concurred.

Petitioner's applications for a hearing by the Supreme Court were denied September 20, 1979.