[Crim. No. 19358. First Dist., Div. One. Aug. 23, 1979.]

In re LEONARD HARPER on Habeas Corpus.

**COUNSEL**

Michael G. H. Anderson for Petitioner.

Quin Denvir, State Public Defender, Clifton R. Jeffers, Chief Assistant State Public Defender, Harriet Wiss Hirsch, Eric Multhaup and Frances Ternus, Deputy State Public Defenders, as Amici Curiae on behalf of Petitioner.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, John T. Murphy, Karl S. Mayer and Kenneth C. Young, Deputy Attorneys General, for Respondent.

**OPINION**

**RACANELLI, P. J.**—In this original habeas corpus proceeding, we examine the narrow issue whether a legislative amendment extending the maximum period of parole may be retroactively applied so as to automatically extend the parole period of those inmates previously released on parole.

Petitioner had been imprisoned under an indeterminate sentence of five years to life upon his conviction of first degree robbery in 1974 (see former Pen. Code, § 213).[1] Pursuant to the comprehensive provisions of

---

[1] Unless otherwise indicated, all statutory references are to the Penal Code.

the determinate sentencing law (Stats. 1976, ch. 1139; Stats. 1977, ch. 165, operative July 1, 1977), he was released on parole on January 4, 1978, for the maximum one-year period becoming eligible for discharge from custody upon expiration thereof under the provisions of former section 3000, subdivisions (b) and (d).[2] That section was subsequently amended, effective January 1, 1979 (or three days before the Jan. 4, 1979, expiration and discharge date), to extend the maximum period of parole to three years for inmates sentenced under section 1168 to a term of imprisonment other than life.[3] As a result of his arrest on January 29, 1979, for offenses allegedly committed between January 27-29, 1979, Community Release Board officials placed a "parole hold" on petitioner and scheduled parole revocation proceedings which were stayed upon issuance of the order to show cause herein.

Respondent argues that notwithstanding the absence of an *express* declaration of retroactivity of the amendatory legislation, the Legislature intended that the 1978 amendments increasing parole periods apply to all existing paroles, including petitioner's, thus "automatically" extending the length of his parole term to the maximum three-year period and sanctioning revocation proceedings during the extended period. Our resolution of this contention is dispositive herein entitling petitioner to the relief requested.

> *Retroactivity of Section 3000 to Persons Released on Parole Before January 1, 1979*

█ It has long been settled that penal enactments which *increase* punishment may not be applied retroactively in the absence of an express

---

[2]At the time petitioner's parole was granted section 3000 provided in pertinent part: "(b) In the case of any inmate sentenced under Section 1168, the period of parole shall not exceed three years in the case of an inmate imprisoned under a life sentence, and *shall not exceed one year in the case of an inmate whose prison sentence does not consist of imprisonment under a life sentence,* unless in either case the board for good cause waives parole and discharges the inmate from custody of the department. This subdivision shall be also applicable to inmates who committed crimes prior to July 1, 1977, to the extent specified in Section 1170.2. . . . (d) Upon successful completion of parole, *or at the end of the maximum statutory period of parole specified* for the inmate under subdivision (a) or (b), as the case may be, *whichever is earlier,* the inmate shall be discharged from custody. . . ." (Italics added.)

[3]The 1978 amendments to section 3000, subdivision (b), increased the period of parole to "five years in the case of an inmate imprisoned under a life sentence, *and shall not exceed three years in the case of an inmate whose prison sentence does not consist of imprisonment under a life sentence, . . .*" (Italics added.) The first full sentence of subdivision (d) remained unchanged. (Stats. 1978, ch. 582, § 1, p. 696.)

legislative declaration. (*People* v. *Teron* (1978) 23 Cal.3d 103 [151 Cal.Rptr. 633, 588 P.2d 773]; *In re Dewing* (1977) 19 Cal.3d 54 [136 Cal.Rptr. 708, 560 P.2d 375]; *In re Estrada* (1965) 63 Cal.2d 740 [48 Cal.Rptr. 172, 408 P.2d 948].) Our Supreme Court has summarized that fundamental rule in the following language: "For more than a century, section 3 of the Penal Code has specifically provided that no provision of the code 'is retroactive, unless expressly so declared.' Although past decisions have held that this provision does not bar the retroactive application of amendatory legislation which mitigates or reduces the punishment for a crime (see, e.g., *In re Estrada* (1965) 63 Cal.2d 740, 746 . . . ; *People* v. *Rossi* (1976) 18 Cal.3d 295 . . .), our courts have pronounced that the canon of construction embodied in section 3 fully applies to penal measures which increase the punishment for particular crimes. [Citations.]" (*People* v. *Teron, supra,* 23 Cal.3d 103, 116-117.)

To automatically apply the increased maximum parole period as urged, immediately before expiration of the maximum term formerly provided, would result in the retroactive modification of the time fixed for discharge from custody[4] to the substantial detriment of petitioner thereby effectively increasing the punishment previously imposed; such circumstances would present serious constitutional questions relating to ex post facto laws (*In re Dewing, supra,* 19 Cal.3d 54, 57; *In re Estrada, supra,* 63 Cal.2d 740, 747; *In re Valenzuela* (1969) 275 Cal.App.2d 483, 486 [79 Cal.Rptr. 760]) and, as compared to similarly sentenced inmates whose paroles had earlier terminated, a denial of equal protection (*People* v. *Olivas* (1976) 17 Cal.3d 236 [131 Cal.Rptr. 55, 551 P.2d 375]).[5] But we need not and *do not* reach such issues when, as here, a statute may be reasonably construed so as to render it constitutionally valid. (*In re Rodriguez* (1975) 14 Cal.3d 639, 651 [122 Cal.Rptr. 552, 53 P.2d 384].)

◼ In compliance with such controlling principles (*Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937]), we hold only that the extended or maximum period of parole

[4]We note that under the relevant statutory scheme expiration of the maximum parole period may be deferred only in the event of a limited period of additional confinement due to an intervening parole revocation. (See § 3057, as amended (Stats. 1978, ch. 582, § 4 to increase the period of confinement from 6 months to 12 months.)

[5]Of course, section 3000 prescribes the maximum and not the minimum period of parole. If its application were to automatically trigger a two-year extension as argued by respondent, a further claim of due process would arise. (Cf. *Morrissey* v. *Brewer* (1972) 408 U.S. 471 [33 L.Ed.2d 484, 92 S.Ct. 2593]; *In re Love* (1974) 11 Cal.3d 179 [113 Cal.Rptr. 89, 520 P.2d 713]; *Greenholtz* v. *Nebraska Penal Inmates* (1979) 442 U.S. 1 [60 L.Ed.2d 668, 676-677, 99 S.Ct. 2100].)

now provided under section 3000, subdivision (b), may not be retroactively applied to those persons such as petitioner who had been already released on parole for the maximum one-year term formerly provided. In view of our decision, we do not reach the remaining issues presented in the briefs.[6]

The petition for writ of habeas corpus is granted. The trial court is ordered to discharge petitioner from the existing parole hold and dismiss the pending revocation proceedings.

Elkington, J., and Newsom, J., concurred.

A petition for a rehearing was denied September 21, 1979, and the petitions of both parties for a hearing by the Supreme Court were denied October 18, 1979. Clark, J., Richardson, J., and Manuel, J., were of the opinion that the petitions should be granted.

---

[6]We emphasize that our decision is limited solely to the question of the amended legislation's application as of its effective date to existing parole periods under former subdivision (b); the facts herein do not present the collateral issue extensively argued by respondent and amicus whether the extended term may be validly applied to indeterminately sentenced inmates not yet released on parole