[Crim. No. 11654. Fourth Dist., Div. One. Apr. 22, 1980.]

In re THOMAS L. THOMSON on Habeas Corpus.

## COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, Jonathan B. Steiner, Richard Lennon and Michael Tanaka, Deputy State Public Defenders, for Petitioner.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Richard D. Garske and Patricia D. Benke, Deputy Attorneys General, for Respondent.

## OPINION

BROWN (Gerald), P. J.—Petitioner Thomson, currently released on parole, seeks a writ of habeas corpus to prevent the Board of Prison Terms (BPT) from extending his maximum parole term from one to three years. BPT bases its extension on an amendment of Penal Code section 3000, subdivision (b),[1] effective January 1, 1979, which increases the applicable parole term (if there is no parole violation) from one year to three years. (See discussion of amendment in *In re Bray* (1979) 97 Cal.App.3d 506, 509 [158 Cal.Rptr. 745].)

The superior court initially committed Thomson to prison on June 14, 1978, after his conviction of multiple violations of Penal Code section 476a, subdivision (a) [insufficient funds]. He committed some of the offenses before the effective date of the determinate sentencing law (DSL) and others after that date. As mandated in Penal Code section

---

[1] Penal Code section 3000, subdivision (b) reads in pertinent part: "In the case of any inmate sentenced under Section 1168, the period of parole shall not exceed five years in the case of an inmate imprisoned under a life sentence, and shall not exceed three years in the case of an inmate whose prison sentence does not consist of imprisonment under a life sentence, unless in either case the board for good cause waives parole and discharges the inmate from custody of the department. This subdivision shall be also applicable to inmates who committed crimes prior to July 1, 1977, to the extent specified in Section 1170.2."

1170.2, subdivision (a), BPT recalculated Thomson's term from an indeterminate to a determinate term, on July 25, 1978. On that date the original version of Penal Code section 3000, subdivision (b), was still in effect and provided a one-year maximum parole term after discharge for persons in Thomson's position (not serving life sentences). After BPT calculated Thomson's term in September 1978, the Legislature enacted the amendment, lengthening the parole maximum applicable to Thomson to three years. The effective date of the amendment, January 1, 1979, was before Thomson's release date. Thomson was released on parole October 18, 1979. BPT then told him he would be on parole for three years. He challenged the application to him of the parole extension amendment, both by an administrative proceeding before BPT and also by a habeas corpus proceeding in superior court, in which, after issuance of an order to show cause, the court denied the writ.

Does the parole extension amendment in Penal Code section 3000, subdivision (b), apply to persons like Thomson whose terms and release dates were fixed before enactment of the amendment, but who were not actually released on parole before the effective date of the legislation (Jan. 1, 1979)? Other cases have already determined the legislation does not apply, or may not constitutionally be applied, to persons released on parole before January 1, 1979. (*In re Bray, supra*, 97 Cal.App.3d 506; *In re Harper* (1979) 96 Cal.App.3d 138 [157 Cal.Rptr. 759].)

Thomson makes three arguments why the amendment may not apply to lengthen his parole term. First, the statute is not expressly retroactive; therefore, under Penal Code section 3, it may not be retroactively applied. Second, retroactive application violates the ex post facto clauses of the federal and California Constitutions. (U.S. Const., art. I, § 9, cl. 3; Cal. Const., art. I, § 9.) Last, such retroactive application of the amendment would deny him equal protection of the laws, by treating him differently from prisoners with recalculated determinate terms who were released on parole before January 1, 1979.

The courts in *In re Bray, supra*, and *In re Harper, supra*, differed whether Penal Code section 3000, subdivision (b) is "expressly" retroactive. The last sentence of the subdivision states "This subdivision shall be also applicable to inmates who committed crimes prior to July 1, 1977, to the extent specified in Section 1170.2." That phrase was part of the originally enacted statute, and was retained when the statute was

amended to increase the maximum parole term to three years. The quoted language clearly declares the original statute is retroactive, like other provisions of the DSL which were retroactively applied to indeterminate sentencing law (ISL) prisoners. The mere retention of the language in the amended statute, however, does not expressly reflect a legislative determination to apply the amendment retroactively. Just because the entire DSL as originally enacted was applied retroactively to ISL prisoners does not mean later changes in the DSL are likewise retrospectively applicable. ■ We find, in agreement with the *Harper* court, the last sentence of section 3000, subdivision (b), is not a clear expression of retroactivity, therefore the amendment cannot be retroactively applied. (Pen. Code, § 3; *People v. Daniels* (1963) 222 Cal.App.2d 99, 101 [34 Cal.Rptr. 844].)

■ Further, the statute if retroactively applied, would be ex post facto. Ex post facto laws "retroactively modify the time of discharge from custody to the substantial detriment of the defendant, thereby in effect increasing the punishment previously imposed for his crime." (*In re Dewing* (1977) 19 Cal.3d 54, 57 [136 Cal.Rptr. 708, 560 P.2d 375].) Initially the DSL could be retroactively applied to ISL prisoners because the package of benefits and detriments did not in overall effect detrimentally increase any prisoner's punishment. Here, however, the amendment to section 3000, subdivision (b) lengthens Thomson's parole term. When the DSL was first enacted and applied to Thomson, the BPT calculated a precise term for him, and his release was mandatory when he completed parole (Pen. Code, § 3000, subd. (d)). Once his release date had been calculated in July 1978, he was subject to release in October 1979, followed by one year maximum on parole. The amendment to the statute extends the time on parole for two additional possible years. Instead of being discharged at latest in October 1980 (one year after the release date) he is subject to parole until October 1982. It is the purest sophistry to argue there is no increase in punishment. A determinate term followed by a precise time for parole has been lengthened. That is ex post facto. (*In re Bray, supra*, 97 Cal. App.3d 506, 512-514.) The *Bray* case does not rest on the fact the prisoner there was already on parole when the statute was amended. Rather, the case holds once the DSL has been applied to a prisoner, the benefits conferred cannot be retroactively taken away. "New section 3000 seeks to retroactively modify the time of petitioner's discharge from custody to his substantial detriment. As applied to him the new provisions extending the length of the parole period are invalid as an ex post facto law." (*Id.*, at pp. 513-514.)

Retroactive application of the amendment also violates Thomson's right to equal protection of the law. The Attorney General does not state a reasonable basis for different treatment of persons in Bray's position, released on parole before January 1979, as compared to persons like Thomson here who are released somewhat later. That there exist good reasons for the amendment itself, does not necessarily prove the fairness of its retroactive application, on the basis of factors unrelated to the dangerousness of those prisoners. As Thomson argues, the simple fact a prisoner has taken an appeal and obtained bail on appeal may postpone his incarceration long enough to cause him to be released on parole after January 1979, even though others who committed the same crimes on the same dates and who did not appeal nor obtain bail, are released earlier. It is unfair to extend the parole terms of only the former class, and in the example given, such extension would be in effect a penalty resulting from the appeal.

We conclude the amendment may not be retroactively applied. BPT is ordered to calculate Thomson's release date from parole in accordance with the provisions of former Penal Code section 3000, subdivision (b), in existence before the amendment effective January 1, 1979.

Cologne, J., and Staniforth, J., concurred.