Filed 5/30/14  P. v. Walker CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B253295 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA038921) |
| v. | |
| RONALD D. WALKER, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of the County of Los Angeles. William C. Ryan, Judge.  Affirmed.

_____

Jonathan B. Steiner and Ann Krausz, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

On October 23, 2013, Ronald D. Walker filed a petition for recall of sentence pursuant to Penal Code section 1170.126,[1] which codifies part of the "Three Strikes Reform Act" (Prop. 36, § 6, as approved by voters, Gen. Elec. (Nov. 6, 2012), effective Nov. 7, 2012).  Walker represented that he is serving a third-strike sentence for a 1997 conviction for assault with a deadly weapon under section 245, subdivision (a)(1), along with a true finding on an allegation that during commission of the offense he personally used a deadly weapon within the meaning of section 12022, subdivision (b).  On October 29, 2013, the trial court denied the petition with prejudice because Walker's third-strike offense rendered him ineligible for resentencing under section 1170.126.  Walker filed a notice of appeal.[2]

We appointed counsel to represent Walker in the matter.  After examining the record, counsel filed a *Wende* brief raising no issues on appeal and requesting that we independently review the record.  (*People v. Wende* (1979) 25 Cal.3d 436.)  On March 28, 2014, we directed appointed counsel to immediately send the record on this appeal and a copy of the opening brief to Walker and notified Walker that within 30 days from the date of the notice he could submit by letter or brief any ground of appeal, contention or argument he wished us to consider.

We received a letter from Walker in response on April 1, 2014.  In his letter, Walker complains about his sentence in connection with the 1997 conviction.  Walker's complaints about his underlying sentence are not appropriately raised in this appeal from the order denying his petition to recall his sentence.  (See *In re Carson* (1979) 95 Cal.App.3d 123, 125 [complaints regarding inappropriate sentence raised after appeal from underlying conviction addressed on petition for writ of habeas corpus].)

---

[1]     Statutory references are to the Penal Code.

[2]     The question whether a defendant has the right to appeal the denial of a petition to recall his sentence pursuant to section 1170.126 when the trial court determined that he did not meet the threshold eligibility requirements for resentencing currently is pending before the Supreme Court.  (*Teal v. Superior Court*, review granted July 31, 2013, S211708.)

Walker filed a supplemental letter on May 16, 2014. He again complains about his underlying sentence. Walker also suggests that, in denying the petition to recall his sentence, the trial court did not appropriately evaluate whether resentencing him would pose an unreasonable risk of danger to public safety. (See § 1170.126, subd. (f).) The court, however, did not evaluate that risk because it denied the petition on the ground that Walker's third-strike offense did not qualify him for resentencing under section 1170.126.

We have examined the entire record and determined that, because Walker's third-strike offense for assault with a deadly weapon, along with a finding that he personally used a deadly weapon during commission of the offense, is a serious felony (§ 1192.7, subds. (c)(1)(23) ["any felony in which the defendant personally used a dangerous or deadly weapon"] & (c)(1)(31) ["assault with a deadly weapon . . . in violation of Section 245"]), he cannot benefit from the provisions of section 1170.126. (§ 1170.126, subds. (b) & (e)(1).) In neither of his letters to the court does Walker present any ground on which the trial court erred in denying the petition to recall his sentence. We are satisfied that Walker's attorneys have fully complied with their responsibilities and that no arguable appellate issue exists. (*People v. Wende*, *supra*, 25 Cal.3d at p. 441; *People v. Kelly* (2006) 40 Cal.4th 106, 110.)

**DISPOSITION**

The order is affirmed.

NOT TO BE PUBLISHED.


ROTHSCHILD, Acting P. J.

We concur:


JOHNSON, J.


MILLER, J.[*]

---

[*]      Judge of the Los Angeles Superior Court, Assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4