Filed 4/29/15  P. v. Ortiz CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B260088 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA021153) |
| v. | |
| RICARDO ORTIZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of the County of Los Angeles. William C. Ryan, Judge.  Affirmed.

_____

Jonathan B. Steiner and Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

On June 18, 2014, Ricardo Ortiz filed a petition to recall his sentence pursuant to Penal Code section 1170.126[1], which codifies part of the "Three Strikes Reform Act" (Prop. 36, § 6, as approved by voters, Gen. Elec. (Nov. 6, 2012), effective Nov. 7, 2012). On October 20, 2014, the trial court denied the petition with prejudice on the ground that Ortiz's third-strike offense rendered him ineligible for resentencing under section 1170.126. Ortiz filed a notice of appeal. (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 601 [order denying motion to recall sentence under § 1170.126 is appealable].)

We appointed counsel to represent Ortiz in the matter. After examining the record, counsel filed a *Wende* brief raising no issues on appeal and requesting that we independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) On February 9, 2015, we directed appointed counsel to immediately send the record on this appeal and a copy of the opening brief to Ortiz and notified Ortiz that within 30 days from the date of the notice he could submit by letter or brief any ground of appeal, contention or argument he wished us to consider. After receiving an extension of time, Ortiz filed a brief on April 6, 2015.

We have examined the entire record and determined that, because Ortiz's third-strike offense for first degree burglary (§§ 459, 460) is a serious felony (§ 1192.7, subds. (c)(18)), he cannot benefit from the provisions of section 1170.126. (§ 1170.126, subds. (b) & (e)(1).) In his brief, Ortiz fails to present any ground on which the trial court erred in denying the petition to recall his sentence. Rather, Ortiz complains that, while serving his prison term, he is not receiving the proper amount of conduct credits based on his underlying sentence. Ortiz's complaint is not appropriately raised in this appeal from the order denying his petition to recall his sentence. (See *In re Carson* (1979) 95 Cal.App.3d 123, 125 [complaints regarding inappropriate execution of sentence raised after appeal from conviction addressed on petition for writ of habeas corpus].) We are satisfied that Ortiz's attorneys have fully complied with their

---

[1]     Statutory references are to the Penal Code.

responsibilities and that no arguable appellate issue exists.  (*People v. Wende*, *supra*, 25 Cal.3d at p. 441; *People v. Kelly* (2006) 40 Cal.4th 106, 110.)

**DISPOSITION**

The order is affirmed.

<u>NOT TO BE PUBLISHED</u>.


                                                ROTHSCHILD, P. J.

We concur:


CHANEY, J.


JOHNSON, J.