Filed 6/29/16  P. v. von Renegar CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C079424 |
| Plaintiff and Respondent, | (Super. Ct. No. CM072179, CM080730) |
| v. | |
| ERIC VON RENEGAR, | |
| Defendant and Appellant. | |

Defendant Eric von Renegar appeals from the trial court's denial of his applications for redesignation of two prior felony convictions for receiving stolen property (Pen. Code, § 496)[1] as misdemeanors pursuant to section 1170.18.  He contends the trial court erred in determining that his prior conviction for robbery rendered him ineligible for section 1170.18 relief because robbery was subject to a life sentence at the time of defendant's conviction for that offense.  While we agree that defendant's prior

---

[1]  Undesignated statutory references are to the Penal Code.

1

robbery conviction is not grounds for denying a section 1170.18 petition, we also find that the applications should have been denied because defendant failed to carry his burden of establishing eligibility for relief. We shall therefore affirm the trial court's orders.

## I. BACKGROUND

In 1972, defendant was convicted of first degree robbery and was sentenced to state prison, being paroled in 1975.

On or around May 20, 1980, in case number CM072179, defendant received property he knew was stolen, consisting of a travel trailer, chain saw, and various household goods. A jury convicted defendant of receiving stolen property and sustained a prior prison term allegation. Defendant was sentenced to three years in state prison.

On February 12, 1983, in case number CM080730, defendant was found in possession of a stolen log splitter. The victim of the theft received a $1,300 or $1,400 insurance payment for the stolen log splitter. Defendant pleaded guilty to receiving stolen property and was sentenced to a two-year prison term.

In February 2015, defendant filed separate applications to have the convictions in case numbers CM072179 and CM080730 designated as misdemeanors pursuant to section 1170.18, subdivision (f). The trial court denied the applications, finding that because defendant's prior robbery conviction was subject to a life term when he was convicted for the offense in 1972, the offense was a "super strike," which rendered him ineligible for section 1170.18 relief.

## II. DISCUSSION

A.    *The 1972 Robbery Conviction*

Defendant contends the trial court's reason for denying his applications was erroneous, because his prior robbery conviction is not a super strike that would disqualify him from resentencing.

2

The passage of Proposition 47 created section 1170.18, which provides in pertinent part: "A person who has completed his or her sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under this act had this act been in effect at the time of the offense, may file an application before the trial court that entered the judgment of conviction in his or her case to have the felony conviction or convictions designated as misdemeanors." (§ 1170.18, subd. (f); see Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 14, pp. 73-74.)

Among the crimes changed to misdemeanors by Proposition 47 is receiving stolen property when the amount in question is worth $950 or less. (§§ 1170.18, subd. (a), 496, subd. (a).) A person convicted of receiving $950 or less of stolen property is subject to misdemeanor punishment "if such person has no prior convictions for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or for an offense requiring registration pursuant to subdivision (c) of Section 290." (§ 496, subd. (a).) The portion of section 667 referred to is the so called super strikes provision, a list of prior serious or violent felonies that render a person eligible for a three strikes sentence even when the current conviction is not a serious or violent felony. (§ 667, subd. (e)(2)(A).) Among the felonies listed is: "Any serious and/or violent felony offense punishable in California by life imprisonment or death." (§ 667, subd. (e)(2)(C)(iv)(VIII).)

Robbery is currently not subject to a life imprisonment or the death penalty. (§ 213.) Defendant was convicted of robbery in 1972, before the determinate sentencing law, when robbery, like many other felonies, was subject to an indeterminate life term. (*People v. Felix* (2000) 22 Cal.4th 651, 654; *In re Harper* (1979) 96 Cal.App.3d 138, 139-140.) Defendant and the Attorney General assert that only those crimes currently subject to life imprisonment should disqualify a defendant from section 1170.18 relief. We agree.

3

A closely related question was recently addressed by the Supreme Court in the context of the Three Strikes Reform Act.  (§ 1170.126; Prop. 36, as approved by voters, Gen. Elec. (Nov. 6, 2012).)  In *People v. Johnson* (2015) 61 Cal.4th 674, the Supreme Court determined that eligibility for Proposition 36 resentencing was determined on a count-by-count basis.  (*Id.* at pp. 690-691.)  The determination as to whether a current conviction was serious or violent, and thus ineligible for resentencing, was made by examining whether the crime was defined as serious or violent as of the November 7, 2012, effective date of Proposition 36.  (*Id.* at pp. 682-683.)  The Supreme Court emphasized the use of the present tense in the relevant legislation, which indicated that the present classification of the offense in question should control.  (*Id.* at p. 683.)  We adopted similar reasoning in holding that disqualification from section 1170.126 resentencing for a prior sexually violent felony (§§ 667, subd. (e)(2)(C)(iv)(I), 1170.12, subd. (c)(2)(C)(iv)(I)) is determined by looking to whether the prior felony is currently classified as sexually violent (*People v. Nettles* (2015) 240 Cal.App.4th 402, 408-409).

The same reasoning applies to interpreting Proposition 47.  The statutory language relevant here, "Any serious and/or violent felony offense punishable in California by life imprisonment or death," is in the present tense, indicating a legislative intent to have the present classification of the offense control.  (§ 667, subd. (e)(2)(C)(iv)(VIII).)  Since robbery is not punished by a life term at this time, it does not qualify as a super strike and the trial court's conclusion to the contrary is erroneous.

B.     *Value of the Items Stolen*

The Attorney General contends that the trial court's denial of defendant's applications should nonetheless be affirmed because he failed to carry his burden of establishing the stolen items in question were worth $950 or less.  Defendant claims the trial court did not address the worth of the stolen items, and asks us to remand the case to allow him to present evidence addressing this issue.

4

Since defendant is the applicant in this proceeding, he bears the burden of establishing eligibility for relief. (*People v. Sherow* (2015) 239 Cal.App.4th 875, 878; Evid. Code, § 500 ["Except as otherwise provided by law, a party has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief or defense that he is asserting"].) Admitting he has the burden of proof, defendant claims he must be given the opportunity to present evidence to meet it. He asks us to remand the case so that the trial court can hold a full hearing in which he can make his case.

Defendant's argument overlooks the role of the application in proceedings under section 1170.18, subdivision (f). Subdivision (g) of section 1170.18 provides: "If the application satisfies the criteria in subdivision (f), the court shall designate the felony offense or offenses as a misdemeanor." In addition, "[u]nless requested by the applicant, no hearing is necessary to grant or deny an application filed under subsection (f)." (§ 1170.18, subd. (h).)

The text of section 1170.18 establishes that defendant must present evidence of eligibility for relief in the application. Defendant's application presents no evidence of the value of the stolen items in case number CM072179, and the only evidence of value in case number CM080730 was the victim's statement that he received $1,300 or $1,400 in insurance for the stolen log splitter found in defendant's possession. Defendant's applications therefore should have been denied. Since we affirm a judgment correct in law even if given for the wrong reason, the trial court's error regarding the prior robbery conviction is irrelevant. (*People v. Zapien* (1993) 4 Cal.4th 929, 976.)

## III.  DISPOSITION

The trial court's orders are affirmed.


/S/

---
RENNER, J.


We concur:


/S/

---
HULL, Acting P. J.


/S/

---
HOCH, J.